IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40615

Summary Calendar

_____

JOSEPH K. ARNOLD,

                                    Petitioner - Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                    Respondent - Appellee.


_____

Appeal from the United States District Court
For the Eastern District of Texas

_____

October 2, 2002


Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

     Joseph K. Arnold, Texas state prisoner # 284250, appeals the
district court's denial of habeas corpus relief.  We affirm.

**I. Facts and Procedural History**

     Arnold was convicted by a jury in 1978 of aggravated kidnapping,
and subsequently sentenced to life in prison.  Arnold filed a state
postconviction application in 2001, arguing that he was entitled to
release to mandatory supervision on the basis that his combined

calendar time and good-time credits exceeded the statutory time necessary for the granting of such release. The Court of Criminal Appeals denied this petition in January 2002. Arnold filed the instant § 2254 petition in February 2002, at which time he had served 23 calendar years and had accumulated 43 years of good-time credit, for a total of 66 years of credit. He asserts that the mandatory supervision law in effect for prisoners sentenced in 1978 requires that inmates who have accumulated more than 60 years of total time must be released to mandatory supervision.

The district court denied Arnold's petition, stating that the statute could not be applied to prisoners who had received a life sentence. However, the district court granted Arnold a certificate of appealability because of a conflict among district courts in the treatment of this issue. This is a matter of first impression for this court.

## II. Analysis

Federal habeas relief is available only if a prisoner "has been deprived of some right secured to him or her by the United States Constitution or by the laws of the United States."[1] In *Malchi*, we concluded that Texas's mandatory supervision law in place prior to September 1, 1996 created a "constitutional expectancy of early

---

[1] *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000)(quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

release."[2]  Therefore, it must be determined if Arnold is eligible for mandatory supervision release.  If he is not, Arnold does not have a constitutional claim for which relief can be granted.

The statute at issue at the time Arnold was sentenced reads: "A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced."[3]  The statute does not state how the maximum time for a life sentence is determined.

The district court concluded that although theoretically eligible for release, "the reality of the matter is that [Arnold] will never be factually eligible to be released" because "his calendar time combined with his good conduct time will never reach a life sentence."[4]  Other courts have reached the same conclusion.[5] However, at least one district court reached a different result.[6]

---

[2] *Id.* at 957-58.

[3] Tex. Code Crim. Proc. Ann. art. 42.12 § 15(c)(Vernon 1977).

[4] *Arnold v. Director, TDCJ-ID*, No. 02-CV-93 (E.D. Tex. Mar.4, 2002)(Mag. report and recommendations, accepted by order of Apr. 3, 2002).

[5] *See, e.g., Barnes v. Cockrell*, 2002 WL 1878548 (N.D. Tex. Aug. 12, 2002); *Brown v. Cockrell*, 2002 WL 638584 (N.D. Tex. Apr. 17, 2002); *Morris v. Cockrell*, 2002 WL 66798 (N.D. Tex. Jan. 11, 2002); *Derry v. Johnson*, 2001 WL 1029520 (N.D. Tex. Aug. 27, 2001).

[6] *Govan v. Johnson*, No. 1-97-247-C (N.D. Tex. July 28, 1998)(unpublished).

3

We need not resolve this issue ourselves, because the Court of Criminal Appeals of Texas has addressed this issue in a recent opinion. It concluded that "a life-sentenced inmate is not eligible for release to mandatory supervision"[7] under the 1981 version of the statute at issue. The court concluded that neither the 1981 statute nor the current statute permitted release for prisoners sentenced for life. The court reasoned: "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life."[8] The same conclusion clearly applies to the 1977 version of the law, which is at issue here, because the relevant language is the same as the 1981 version.

As we have stated, "[i]t is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law", and "we defer to the state courts' interpretation" of its statute.[9] In *Seaton v. Procunier*, we stated: "We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law."[10]

---

[7] *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001).

[8] *Id.* at 328.

[9] *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995)(citations omitted).

[10] 750 F.2d 366, 368 (5th Cir. 1985).

4

We must therefore conclude that Arnold is not eligible for release under the Texas mandatory supervision statute. Because he is not eligible for release, Arnold does not have a constitutionally protected interest, and his petition for habeas corpus relief must be denied. AFFIRMED.