IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40878

Summary Calendar

_____

JACKIE RAY OSTEEN,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
G-02-CV-121

_____

February 14, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jackie Ray Osteen (Osteen), Texas prisoner #321013, was convicted by a jury in 1978 of murder and was sentenced to death, which later was commuted to life imprisonment. He appeals the district court's denial of his 28 U.S.C. § 2254 petition, in which

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he alleged that he was being denied his statutory and constitutional right to release on mandatory supervision. The district court granted a certificate of appealability on this issue.

On appeal, Osteen contends that the district court erred in denying him habeas relief because its interpretation of the 1977 version of TEX. CODE CRIM. PROC. art. 42.12, § 15(c)[1] to exclude life-sentence inmates violated his substantive due process rights. Osteen's arguments are foreclosed by our decision in *Arnold v. Cockrell*,[2] in which we held that an inmate under a life sentence is not eligible for release under the 1977 version of the Texas mandatory supervision statute and, thus, does not have a constitutionally protected interest in such a release and is not entitled to habeas relief.[3]

Accordingly, the judgment of the district court is hereby AFFIRMED.

The request to file supplemental briefs is DENIED.

---

[1] (Vernon 1977).

[2] 306 F.3d 277, 279 (5th Cir. 2002).

[3] *See also Ex parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001).