United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41244
Summary Calendar

_____

MARKUS A. CATO,

Plaintiff-Appellant,

versus

A. WATSON; CAPTAIN UNIDENTIFIED DELAROSA; J. GIBSON; N. WEBB;
KELLI WARD; WARDEN UNIDENTIFIED HERRERA; CARY COOK,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-18
---------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Markus A. Cato, Texas prisoner # 619610, appeals the
district court's dismissal of claims raised in his action under
42 U.S.C. § 1983.  Cato's complaint concerned his disciplinary
conviction for establishing a relationship with a correctional
officer and his subsequent transfer to the Robertson Unit.

Cato fails to brief the issue of the district court's
without-prejudice dismissal of his claim regarding the conditions
at the Robertson Unit, and that claim is therefore waived.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). To the extent that Cato claimed that his transfer to the Robertson Unit violated his First Amendment rights, or that the defendants conspired to effect a transfer to the Robertson Unit, he has waived his claims by failing to brief them adequately on appeal. See id.

Cato marshals several arguments in support of his contention that the disciplinary conviction and transfer violated his constitutionally protected right of due process. In order to establish a § 1983 claim, Cato must show that "his federal statutory or constitutional rights have been violated." Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988).

Cato admitted in the district court that he is not eligible for release on mandatory supervision; he therefore has no constitutionally protected interest in good time credits. See Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002). Similarly, the reduction in his good time earning status does not implicate a protectable liberty interest. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Texas law does not create a liberty interest in parole, and Texas prisoners have no constitutional expectancy of release on parole. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995). A prison inmate has no liberty interest in a particular custody classification. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir.

1992).  Loss of recreation and commissary privileges do not implicate any due process concerns.  Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 767-68.  Because Cato's disciplinary hearing did not threaten a protected liberty or property interest, the protections of the Due Process Clause did not attach to the proceeding.  See Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997).  The fact of Cato's transfer to the Robertson Unit does not implicate a constitutionally protected interest.  See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983).  In view of the above, Cato has failed to show error in the district court's dismissal of his due process claims regarding his disciplinary conviction and his transfer to the Robertson Unit.

Cato argues that the district court erred in dismissing his equal protection claim.  Cato does not identify any suspect class of which he is a member, nor does he challenge the district court's determination that he must show that he was discriminated against based on a suspect classification in order to establish an equal protection violation.  See Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999).  Cato's contention that his First Amendment right to the free flow of mail was violated by the interception of the letter is without merit.  See Busby v. Dretke, 359 F.3d 708, 720-21 (5th Cir. 2004).

Cato argues that the district court erred in dismissing his retaliation claims.  He contends that the defendants pursued the

disciplinary charge and transferred him to the Robertson Unit in retaliation for his receipt of a letter from the correctional officer, who had resigned her position.  Because Cato failed to set forth a chronology of events from which retaliation may plausibly be inferred, and because his allegations did not establish that, but for the defendants' alleged retaliatory motive, the adverse acts would not have occurred, the district court did not err in dismissing the retaliation claims.  See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Cato renews his claim that the defendants conspired to violate his constitutional rights in connection with his disciplinary proceedings.  Because Cato has not shown that the disciplinary proceeding entailed a violation of his constitutional rights, he has not shown that the district court erred in dismissing his conspiracy claim.  See Villanueva v. McInnis, 723 F.2d 414, 418 (5th Cir. 1984).

Cato's remaining argument is that the district court erred in dismissing his case without giving him the opportunity to amend his complaint.  Our review, however, convinces us that Cato has pleaded his best case, and accordingly we have determined that the district court did not err in dismissing the action. See Jones, 188 F.3d at 327.

AFFIRMED.