# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40291
Summary Calendar

JAMES C STEWART

Plaintiff-Appellant

v.

CHRISTIAN MELTON CRAIN; BRYAN COLLIER; TROY FOX; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; LARRY LEFLORE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-543

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

James C. Stewart, Texas prisoner # 476867, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Stewart alleges that the district court erred in concluding that he was ineligible for mandatory supervision because he is serving a sentence of life imprisonment. Stewart asserts that the plain language of the Texas statute governing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory supervision does not exclude life-sentenced inmates from early release, and he argues that the district court erred in concluding that it is mathematically impossible to determine a mandatory supervision release date for a life sentence; he specifically asserts that a life sentence is equal to 60 years of imprisonment under Texas state law. Stewart further contends that the defendants have improperly deprived him of his previously accrued good-time credits by failing to calculate the date upon which his good-time credits would render him eligible for release to mandatory supervision. Stewart also alleges that the defendants' determination that he is ineligible for release to mandatory supervision is a violation of the Ex Post Facto Clause.

The district court is directed to dismiss a complaint filed by a prisoner if the complaint is frivolous or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Because the district court dismissed Stewart's claims pursuant to § 1915A, our review is de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous "'if it lacks an arguable basis in fact or law.'" Berry v. Brady, 192 F. 3d 504, 507 (5th Cir. 1999) (quoting Talib v. Gilley, 138 F. 3d 211, 213 (5th Cir. 1998)).

At the time of Stewart's offense, the Texas statute governing eligibility for release to mandatory supervision provided that an inmate not under sentence for death "shall be released to mandatory supervision" when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." TEX. CRIM. PROC. CODE ANN. art. 42.12, § 15(c) (Vernon 1981). In Ex Parte Franks, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001) the Texas Court of Criminal Appeals (TCCA) determined that the Texas mandatory supervision statute at issue in the present case does not permit a life-sentenced inmate to be eligible for release to mandatory supervision. The state court construed the plain language of the mandatory supervision statute and explained that "it is mathematically impossible to determine a mandatory

supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." Id. at 328.

In Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002), we held that a life-sentenced inmate is not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute. We determined that the TCCA's reasoning in Franks was determinative because the 1977 version of the mandatory supervision statute was substantively identical to the version of the law at issue in Franks. See Arnold, 306 F.3d at 279. We particularly noted that it was not our function to review a state's interpretation of its own law, and we therefore deferred to the TCCA's reading of the statute. Id. Stewart's assertions concerning his eligibility for mandatory supervision therefore are foreclosed by our decision in Arnold.

Stewart's contention that the defendants improperly deprived him of his previously accrued good-time credits is equally unavailing. As discussed above, this court has held that a life-sentenced inmate is not eligible for release to mandatory supervision. See Arnold, 306 F.3d at 279. Accordingly, in light of his ineligibility for early release, Stewart has not demonstrated that the defendants erred by failing to calculate the date upon which his good-time credits would render him eligible for release to mandatory supervision. See id. Furthermore, to the extent that Stewart argues that the defendants' actions were tantamount to a due process violation, he also has not shown that he is entitled to relief. Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutionally protected interest in previously earned good-time credits. See Teague v. Quarterman, 482 F.3d 769, 773-77 (5th Cir. 2007); Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000).

Finally, Stewart did not raise his Ex Post Facto claims in the district court. Thus, the arguments represent issues that Stewart is asserting for the first time on appeal. This court is prohibited from considering new theories of

relief on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Stewart's appeal lacks an arguable basis in law or fact.  Thus, it is dismissed as frivolous.  See 5TH CIR. R. 42.2.  For purposes of the three-strikes provision of 28 U.S.C. § 1915(g), the district court's dismissal under 28 U.S.C. § 1915A counts as a strike, and the dismissal of this appeal as frivolous counts as a strike.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Stewart is warned that if he accumulates three strikes he may not thereafter proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.