**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40135
Summary Calendar

JEROME KEITH ANTONE

Plaintiff-Appellant

v.

TIMOTHY M PRESCHEL; ASHLEY HADNOT, Correctional Officer III; LEROY J BAILEY, JR, Captain; RICHARD K ALFORD, Warden; BILLY HIRSCH, Warden; LLOYD C MASSEY, Warden; TERESA MCNEIL

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:07-CV-284

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jerome Keith Antone, Texas prisoner # 649602, sued Texas Department of Criminal Justice (TDCJ) officials under 42 U.S.C. § 1983, arguing that his constitutional rights were violated when he was found guilty in a prison disciplinary hearing of possession of contraband that did not belong to him. Antone was punished with 45 days of cell and recreation restrictions, a reduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in classification status from "S3" to "Line I," and the loss of 30 days of good time credits.

The district court dismissed Antone's complaint as frivolous under 28 U.S.C. § 1915A(b). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). A plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and violation of that right by one or more state actors." *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994). Because Antone's murder conviction disqualifies him from release on mandatory supervision, *see* TEX. GOV'T CODE § 508.149(a)(2), the district court did not err in finding that Antone failed to state a due process claim with respect to the loss of his good time credits. *See Arnold v. Cockrell*, 306 F.3d 277, 278-79 (5th Cir. 2002). Likewise, Antone failed to state a claim with respect to his punishment of 45 days of cell and recreation restrictions and a reduction in classification status from "S3" to "Line I" because this punishment did not constitute "atypical and significant hardship" relative to ordinary prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

The district court's dismissal of Antone's § 1983 lawsuit as frivolous pursuant to § 1915A(b) and our dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103

2

F.3d 383, 387-88 (5th Cir. 1996). Antone also accumulated strikes when two other cases were dismissed as frivolous. *Antone v. Neil*, No. 9:07-CV-283 (E.D. Tex. Feb. 27, 2008); *Antone v. Alford*, No. 9:07-CV-285 (E.D. Tex. Feb. 27, 2008); *see Adepegba*, 103 F.3d at 385-87. As Antone has now accumulated at least three strikes, he is barred from proceeding in forma pauperis while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.