# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2010

No. 09-20281
Summary Calendar

Charles R. Fulbruge III
Clerk

ALAN WADE JOHNSON,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice; JACK DOUGLAS, Program Administrator V, Counsel Substitute Program, Texas Department of Criminal Justice; C BELL, Senior Warden, Joh M Wynne Unit, Texas Department of Criminal Justice, Correctional Institutions Division; KELLY L STRONG, Assistant Warden, John M Wynne Unit, Texas Department of Criminal Justice, Correctional Institutions Division; RICHARD L CRITE, JR., Assistant Warden, William G McConnell Unit, Texas Department of Criminal Justice, Correctional Institutions Division; BRUCE BAGGETT, Captain, Disciplinary Hearing Officer, John M Wynne Unit, Texas Department of Criminal Justice, Correctional Institutions; WALLY RODRIGUEZ, Captain, Disciplinary Hearing Officer, Texas Department of Criminal Justice, Correctional Institutions Division; KEVIN MAYFIELD, Assistant Region I Director, Texas Department of Criminal Justice, Correctional Institutions Division; LINDA RICHEY, Grievance Investigator, Central Grievance Office, Texas Department of Criminal Justice; JAMES LLOYD, Food Service Manager, Texas Department of Criminal Justice, Correctional Institutions Division; P WILLIAMS, Correctional Officer IV, Texas Department of Criminal Justice, Correctional Institutions Division; NORMA SAENZ, Counsel Substitute III, Texas Department of Criminal Justice Correctional Institutions Division; TERESA MCNEIL, Ombudsman I, Texas Department of Criminal Justice, Correctional Institutions Division,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3222

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alan Wade Johnson, Texas prisoner # 660513, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint filed against several employees of the Wynne Unit and McConnell Unit in the Texas Department of Justice-Correctional Institutions Division. Johnson argues that the district court erred in finding that his challenges to his disciplinary convictions were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), the court erred in finding that Johnson did not present a cognizable due process claim because his disciplinary sanctions did not implicate a liberty interest, his claim for compensatory damages was not barred by the fact that he failed to allege a physical injury, he alleged facts sufficient to support a finding that the defendants' actions were motivated by retaliation, he was denied the right to meaningful review of his grievances, he was entitled to punitive damages because the defendants were motivated by evil intent, the district court erred in denying Johnson the opportunity to amend his complaint, and the district court erred in denying his motion to recuse.

Johnson argues that the "favorable termination rule" of *Heck* should not apply to his case because he is without a procedural vehicle to challenge his disciplinary convictions. Contrary to Johnson's argument, he is able to seek federal habeas relief and has not shown that he is without a procedural vehicle to challenge his disciplinary convictions. *See Randell v. Johnson*, 227 F.3d 300, 300-01 (5th Cir. 2000). Because Johnson challenged the validity of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplinary convictions in his § 1983 complaint and sought expungement, his claims were barred by *Heck*. *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997).

Johnson also challenges the district court's finding that his due process claims were barred from review because he had no cognizable liberty interest implicated by his disciplinary sanctions. Loss of privileges and cell restriction do not implicate due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Additionally, Johnson is not eligible for mandatory supervised release; therefore, the loss of good-time credits also does not implicate due process. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Malchi*, 211 F.3d at 957-58.

Johnson's argument for compensatory damages based on psychological injury is foreclosed by this court's holding in *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). The district court properly dismissed Johnson's retaliation claims because Johnson failed to present facts to show that the disciplinary reports would not have been filed or that he would not have been transferred but for a retaliatory motive. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Johnson argues that he was denied the right to meaningful review of his convictions, grievances, and appeals because his requests for relief were denied. Johnson does not have a federally protected interest in having grievances resolved to his satisfaction, and therefore his argument is without merit. *See Geiger*, 404 F.3d at 374.

Because there is no support in the record for Johnson's conclusory assertions that the defendants' actions were motivated by evil intent, the district court did not err in dismissing his claim for punitive damages. *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

Johnson argues that the district court erred in denying him the opportunity to amend his complaint. However, the record does not indicate that Johnson filed a motion to amend his complaint. Therefore, there was no error

by the district court. *See Lowrey v. Texas A & M University System*, 117 F.3d 242, 245 (5th Cir. 1997). Additionally, Johnson's motion for recusal was untimely filed, and the district court properly denied it as such. *See United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998).

Accordingly, the judgment of the district court is AFFIRMED. All other outstanding motions are DENIED.