# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2011

No. 11-10248
Summary Calendar

Lyle W. Cayce
Clerk

JAMES NATHANIEL EVANS, also known as James N. Evans,

Plaintiff-Appellant

v.

JAMIE BAKER, Warden; MARTHA MAES, Sergeant; THERESA HENDRICKS, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CV-226

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James Nathaniel Evans, Texas prisoner # 652108, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted. Evans argues that he was denied due process in connection with disciplinary action taken against him and the confiscation of his property. He is seeking the expungement of a disciplinary conviction for extortion and monetary damages.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10248

We review de novo a district court's determination that a complaint is frivolous and fails to state a claim on which relief may be granted, applying the same standard of review as is applicable to dismissals pursuant to FED. R. CIV. P. 12(b)(6).  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Evans's contention that the magistrate judge erred in relying on *Hudson v. Palmer*, 468 U.S. 517 (1984), and *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986) is erroneous.  The magistrate judge correctly recognized that the *Parratt/Hudson* doctrine did not bar Evans's § 1983 claim because the prison officials' actions in this case were taken pursuant to routine administrative directives.  *See Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).  Further, Evans received the due process protections required when he received notice of the basis for the confiscation of the subject property and a fair opportunity to rebut the allegations concerning his ownership of the property at the hearing and in his grievances.  *See Wilkinson v. Austin*, 545 U.S. 209, 225-26 (2005).  The district court did not err in dismissing this claim as frivolous.

Relying on *Muhammad v. Close*, 540 U.S. 749, 751 (2004), Evans contends that the district court abused its discretion in dismissing the complaint under the *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok,* 520 U.S. 641 (1997) doctrine because he filed an amended complaint withdrawing his claim to have his good time credits restored.  The district court did not err in determining that his § 1983 complaint is barred, as expungement of his disciplinary proceeding would result in restoration of his good time credits.  Further, if Evans is not eligible for release on mandatory supervision as he asserted, he has no liberty interest in his good time credits or other punishments imposed as a result of the disciplinary hearing; thus, he may not complain about the denial of due process.  *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

No. 11-10248

Last, Evans contends that the prison disciplinary rules created a liberty interest in particular procedural guidelines that were not followed before he was placed in restrictive confinement, his good time credits were revoked, and he was punished for possession of unauthorized property. The failure to comply with prison regulations does not constitute a per se constitutional violation when other constitutional safeguards have been employed. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Further, the pleadings and exhibits filed show that Evans received timely notice of the charged violation, participated in the hearing, and was provided with reasons for the finding of guilt. Thus, Evans received adequate due process protection during the proceedings. He has not shown that any violation of the prison rules or regulations gave rise to a constitutional denial of due process during the disciplinary proceedings. The district court did not err in dismissing this claim as frivolous.

The district court did not err in dismissing the complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(B)(i). Accordingly, the judgment of that court is AFFIRMED.

3