# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00350-CV

Anthony Bonfanti, Jr., Appellant

v.

Texas Department of Criminal Justice Institutional Division
and Texas Board of Pardons and Paroles, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-11-000918, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Bonfanti, Jr., an inmate in the Texas Department of Criminal Justice's Institutional Division, appeals the district court's grant of summary judgment in favor of the Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles (TDCJ) on his petition for writ of mandamus seeking release from prison to mandatory supervision.

A jury convicted Bonfanti of aggravated rape in 1979 after hearing evidence that he tied his victim to a bed, raped her at gunpoint, drove her down a dirt road, and left her tied to a tree. *Bonfanti v. State*, 686 S.W.2d 149, 150–51 (Tex. Crim. App. 1985) (en banc). Bonfanti is serving a life sentence in prison. He contends that the TDCJ had a "ministerial duty" to release him to mandatory supervision—a prison release for rehabilitation "but not on parole and not from the State's legal custody"—under a section of the code of criminal procedure in effect when he committed his crime. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 15(c), 1977 Tex. Gen.

Laws 925, 927–28 (allowing mandatory supervision when inmate who is not sentenced to death has served actual calendar time plus any good conduct time that equals "the maximum term to which the inmate was sentenced"); *see also Ex parte Franks*, 71 S.W.3d 327, 331 (Tex. Crim. App. 2001) (Johnson, J., dissenting) (life-sentenced inmate's eligibility for release to mandatory supervision analogous to life-sentenced inmate's eligibility for release on parole, in which life sentence "was assumed to be sixty years").

In response to Bonfanti's mandamus petition, TDCJ filed an answer and sought summary judgment, arguing that under controlling precedent from the Texas Court of Criminal Appeals in *Franks*, an inmate who is serving a life sentence is not entitled to release to mandatory supervision.[1] *Franks*, 71 S.W.3d at 328; *see also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (citing *Franks*); *Bonfanti v. Cockrell*, No. 02-41199 2002 WL 31845297, at *1 (5th Cir. Dec. 11, 2002) (same); *Pohl v. Livingston*, 03-06-00625-CV, 2008 WL 974785, at *1 (Tex. App.—Austin Apr. 10, 2008, no pet.) (mem. op.) (following *Franks* and denying mandamus relief because inmate serving life sentence was not eligible for release to mandatory supervision under 1977 version of statute); *Conway v. Texas Bd. of Pardons & Paroles*, No. 03-05-00225-CV, 2006 WL 2380464, at *3 (Tex. App.—Austin Aug. 18, 2006) (mem. op.) (citing *Franks* and dismissing as frivolous a life-sentenced inmate's lawsuit seeking a declaratory judgment that

---

[1] As of 1995, all inmates who have ever been convicted of certain enumerated offenses, including those convicted of aggravated rape (statutory predecessor to the offense of aggravated sexual assault), were declared ineligible for release to mandatory supervision. Act of May 29, 1995, 74th Leg., R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592, 2592 (codified in Tex. Gov't Code § 508.149(a)). Additionally, the 2013 amendment to that statute specifies that any offender now serving a sentence for, or previously convicted of, the offense of aggravated sexual assault may not be released to mandatory supervision. *See* Act of May 9, 2013, 83d Leg., R.S., S.B. 1093, § 9.011 (to be codified at Tex. Gov't Code § 508.149(a)(6)).

he was eligible for release to mandatory supervision). After a hearing at which Bonfanti appeared by telephone, the district court granted TDCJ's motion for summary judgment on Bonfanti's mandamus petition.

However, consideration of the TDCJ's motion for summary judgment was unnecessary because the district court lacked mandamus jurisdiction over Bonfanti's petition. A district court may issue a writ of mandamus to enforce its own jurisdiction, but it has no constitutional or statutory jurisdiction to exercise supervisory control via mandamus over state prison officials. Tex. Const. art. V, § 8; Tex. Gov't Code § 24.011; *Martinez v. Thaler*, 931 S.W.2d 45, 46 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Here, Bonfanti's mandamus petition did not seek to protect the district court's jurisdiction, rather it sought the court's exercise of supervisory control over TDCJ officials concerning Bonfanti's demand for release to mandatory supervision. As such, the district court lacked mandamus jurisdiction over Bonfanti's petition against TDCJ.

Further, mandamus may issue to compel performance of an act that is ministerial—one that is clearly spelled out by law with sufficient certainty that nothing is left to the exercise of discretion. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (concerning district court's writ of mandamus against mayor). But here, even if the district court had the power to exercise supervisory control over state prison officials by issuing a writ of mandamus directed to TDCJ, there was no ministerial duty for TDCJ to release Bonfanti to mandatory supervision, and thus mandamus relief was not proper. *See Pohl*, 2008 WL 974785, at *1 (following *Franks* and denying mandamus relief because inmate serving life sentence was not eligible for release to mandatory supervision under 1977 version of statute).

Because the district court lacked mandamus jurisdiction over Bonfanti's petition and need not have considered the TDCJ's motion for summary judgment, we vacate the order granting summary judgment and render judgment dismissing the petition for writ of mandamus for want of jurisdiction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Vacated and Dismissed for Want of Jurisdiction

Filed:   August 16, 2013