# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11005

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2014

Lyle W. Cayce
Clerk

BABU S. KALLUVILAYIL,

Plaintiff-Appellant

v.

THE TEXAS BOARD MEMBERS OF PARDONS AND PAROLES; L. A. ECK-MASSINGILL, Assistant Regional Supervisor, Gatesville Institutional Parole Officer; CLASSIFICATION AND RECORDS HEADQUARTERS, TIME SECTION; WILLIAM R. THORNTON, JR., Parole Officer II,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-98

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Babu S. Kalluvilayil, Texas prisoner # 584945, moves for leave to proceed in forma pauperis (IFP) on appeal and for the appointment of counsel. He filed this 42 U.S.C. § 1983 action against the board members of the Texas Board of Pardons and Paroles and other state officials, alleging that the defendants denied him mandatory supervision and parole. He asserted that under the law

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11005

applicable to him, mandatory supervision was automatic, not discretionary, and he challenged alleged unconstitutional procedures used by the Board.

The district court concluded that because Kalluvilayil was incarcerated pursuant to a life sentence, he was not eligible for release to mandatory supervision, citing *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002), and *Ex parte Franks*, 71 S.W.3d 327 (2001).  The district court further concluded that Kalluvilayil could not state a due process violation based on the Texas Board of Pardons and Paroles' procedures.  Therefore, the district court dismissed Kalluvilayil's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  Denying Kalluvilayil's motion for leave to proceed IFP on appeal, the district court certified that the appeal was not taken in good faith.

By moving to proceed IFP, Kalluvilayil is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Kalluvilayil argues that he is eligible for mandatory supervision and has a protected liberty interest to release on mandatory supervision according to the law in effect at the time of his offense and conviction.  He contends that it is an ex post facto violation to apply the revised discretionary mandatory supervision provisions to him.

Kalluvilayil was convicted of murder and sentenced to life imprisonment in 1991 for a 1990 offense.  *Kalluvilayil v. State*, 1992 WL 141385 (Tex. App.

1992).  Although the law in effect at the time of his offense provided for release to mandatory supervision, in 2001, the Texas Court of Criminal Appeals (TCCA) held that "a life sentenced inmate is not eligible for release to mandatory supervision" under the 1981 version of the relevant statute, then codified at Article 42.12, Section 15(c), V.A.C.C.P, which the TCCA noted had "not substantively changed" since 1981.  *Ex parte Franks*, 71 S.W.3d at 327.  In a § 2254 proceeding, this court, relying on *Franks,* held that a Texas inmate serving a life sentence was not eligible for release under the mandatory supervision statute and had no constitutionally protected interest.  *Arnold*, 306 F.3d at 279.

The district court did not err in relying on *Arnold* and *Franks* to support its determination that Kalluvilayil was not eligible for and did not have a protected liberty interest in release to mandatory supervision because he was serving a life sentence.  Even if Kalluvilayil is eligible for parole, "there is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State."  *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

Kalluvilayil cites no authority for his argument that he has some sort of constitutional right to be released from imprisonment so that he can be deported.  It was not unreasonable for the district court to dismiss Kalluvilayil's action without giving him the opportunity for discovery and a hearing because his allegations failed to state a claim.  Regarding the denial of his post-judgment motion, Kalluvilayil has not shown that the district court's dismissal of his complaint was erroneous.  The district court did not err in dismissing Kalluvilayil's complaint as frivolous and for failure to state a claim.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

No. 13-11005

The district court's certification that Kalluvilayil's appeal is not taken in good faith is upheld, Kalluvilayil's motions for IFP and appointment of counsel are denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

We hereby inform Kalluvilayil that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). The dismissal of his complaint by the district court as frivolous and for failure to state a claim also counts as a strike. *Id.* at 387-88. We caution Kalluvilayil that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.