# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11050

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2014

Lyle W. Cayce
Clerk

BABU S. KALLUVILAYIL,

Plaintiff-Appellant

v.

HONORABLE ROBERT BURNS, Judge, Criminal District Court #1, Dallas County; LORI L. ORDIWAY, Attorney at Law; HONORABLE MARK C. STOLTZ, Judge, 265th Judicial District Court, Dallas County; ARCH C. MCCOLL, Attorney at Law; SHARON KELLER, Presiding Judge, Court of Criminal Appeals; GARRY FITSIMMONS, Criminal District Clerk; CARROLTON POLICE DEPARTMENT, Carrollton, Texas; CRAIG WATKINS; SATUMINO BAUTISTA; MARIA BAUTISTA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-99

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Babu S. Kalluvilayil, Texas prisoner # 584945, moves for leave to proceed in forma pauperis (IFP) on appeal and for the appointment of counsel. He filed this 42 U.S.C. § 1983 action against various judges, attorneys, court clerks,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witnesses, the district attorney, and the Carrollton Police and Fire Departments, all involved in his criminal prosecution for murder and his subsequent appeals and state habeas proceedings, alleging numerous violations of his constitutional rights. Kalluvilayil asked the court to conduct discovery, expand the record, and conduct an evidentiary hearing in his state habeas proceeding. He also requested compensation for illegal confinement. He alleged that he suffered false imprisonment and mental and emotional injury because of alleged constitutional violations, and he sought punitive damages.

The district court dismissed Kalluvilayil's complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court determined that Kalluvilayil's claims against the Carrollton Police and Fire Departments, District Attorney Craig Watkins, Saturnino and Maria Bautista, and Rachel and Skaria Kalluvilayil, arising out of incidents occurring between 1989 and 1991, were barred by the statute of limitations. Noting that judges are absolutely immune from suit under § 1983 for acts taken in the performance of their judicial functions, the district court found that Kalluvilayil had not alleged that Judge Burns or Presiding Judge Keller had engaged in any actions which would deprive them of judicial immunity. The district court ruled that because defense attorneys do not act under color of state law, Kalluvilayil did not have a cause of action under § 1983 against his attorneys Ordiway, Stolz, or McColl. The court stated that Kalluvilayil's allegations against Clerk Fitzsimmons were conclusory and did not demonstrate a due process or equal protection violation. The court further determined that, in addition to being barred by the statute of limitations, Kalluvilayil's claims against District Attorney Watkins were barred by prosecutorial immunity. To the extent that Kalluvilayil sought monetary

No. 13-11050

damages for an allegedly unconstitutional imprisonment, the district court ruled that his claims, which challenged the fact or duration of his confinement, were precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Denying Kalluvilayil's motion for leave to proceed IFP on appeal, the district court determined that the appeal was not taken in good faith for the reasons given in its order of dismissal and informed Kalluvilayil that he could challenge the court's finding under *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

By moving to proceed IFP, Kalluvilayil is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh*, 117 F.3d at 202. Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Kalluvilayil makes no arguments challenging the reasons for the district court's dismissal of his various claims, and he does not address the "trial court's reasons for the certification decision." *See Baugh*, 117 F.3d at 202. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Kalluvilayil has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of this appeal. *See Brinkmann*, 813 F.2d at 748. Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d

3

at 220. Accordingly, Kalluvilayil's motions for IFP and appointment of counsel are denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We hereby inform Kalluvilayil that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). The dismissal of his complaint by the district court as frivolous and for failure to state a claim also counts as a strike. *Id.* at 387-88. Kalluvilayil has at least two previous strikes per the dismissals by the district court and this court in *Kalluvilayil v. Texas Board of Pardons and Paroles*, No. 13-11005. Because Kalluvilayil has now accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Kalluvilayil is further warned that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.