# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

No. 17-20622
Summary Calendar

**FILED**

August 27, 2018

Lyle W. Cayce
Clerk

JOSHUA O. WHITE,

Plaintiff-Appellant

v.

ROBERT JENKINS, Warden at Ferguson Unit; ROBERT JENNINGS, Captain at Ferguson Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2432

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Joshua O. White, Texas prisoner # 1660955, was convicted of a disciplinary violation stemming from his alleged participation in a racial riot. His civil rights challenge to the disciplinary conviction was dismissed for failure to state a claim upon which relief may be granted, and White now appeals. Our review of such a dismissal is de novo, and we take the facts

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20622

alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

Pointing to his eligibility for parole and his loss of good time credits, White contends that he was entitled to due process protections in connection with his disciplinary hearing. This claim fails, as we have repeatedly held that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Additionally, by failing to address the issue, White has waived any challenge to the district court's determination that he is ineligible for release on mandatory supervision. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). A prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

White asserts that, on account of his disciplinary conviction, he was unable to complete the college courses in which he was enrolled. He contends that he lost this educational opportunity on account of a constitutional violation, and he asserts that he will not be able to resume taking college classes until he can regain his previous custody level. White's claim fails, as a state does not have a constitutional obligation to provide educational or vocational training to prisoners. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Further, a prison inmate "does not have a protectable liberty or property interest in his custodial classification." *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

To the extent that White argues that prison rules were not adhered to in connection with his disciplinary proceedings, he fails to state a claim, as the

No. 17-20622

mere violation of prison rules, standing alone, is not sufficient to rise to the standards of a constitutional claim. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Finally, White's claim that his due process rights were violated because he was found guilty of a disciplinary conviction based on a vague claim for which there was not enough evidence fails, as the punishments received by White do not implicate a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000). In any event, as shown by White's own factual allegations, his guilt on the charge of participating in a riot was provided by a camera in the dayroom and by the testimony of the charging officer. Thus, due process requirements were satisfied in the instant case, as the report of a charging officer, standing alone, is "some evidence" of a prisoner's guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001).

In view of the foregoing, White has not shown error with regard to the dismissal of the claims discussed above. *See Green*, 623 F.3d at 280. He has abandoned any other claims raised in his complaint by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the judgment of the district court is affirmed.

The district court's dismissal of White's complaint for failure to state a claim upon which relief may be granted counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). White is hereby warned that, if he accrues three strikes under § 1915(g), he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.

3