# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40945
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2020

Lyle W. Cayce
Clerk

DEAMUS TROY CASTERLINE,

Plaintiff-Appellant

v.

DAVID GUTIERREZ; FRED SOLIS; JAMES LAFAVERS; FEDERICO RANGEL; ED ROBERTSON; BRIAN LONG; CYNTHIA TAUSS; LORIE DAVIS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-59

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Deamus Troy Casterline, Texas prisoner # 399472, was convicted of capital murder and sentenced to imprisonment for life. He appeals the district court's sua sponte dismissal of his pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 lawsuit with prejudice for failure to state a claim and as frivolous

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40945

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).    We GRANT Casterline's motion for leave to file a supplemental brief.

A district court may sua sponte dismiss a prisoner's IFP civil rights complaint if, among other things, it is frivolous or fails to state a claim on which relief may be granted.   § 1915(e)(2)(B)(i) & (ii); § 1915A(b)(1).   Our review of the district court's dismissal of Casterline's complaint is de novo.  *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 308-09 (5th Cir. 2017).   We may affirm the dismissal of a § 1983 complaint as frivolous under § 1915A(b) and § 1915(e)(2)(B) on any basis supported by the record.  *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Casterline argues that the defendants violated his due process and ex post facto rights when they refused to calculate his eligibility for release to mandatory supervision using a pre-1987 formula that set an inmate's initial eligibility date by calculating "the time credit which would be earned by an inmate who is continuously in Line Class I."   When Casterline committed his offense in 1984, however, the law governing his eligibility for release to mandatory supervision provided that an inmate not under a sentence of death "'shall be released to mandatory supervision' when the 'calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.'"  *Ex parte Franks*, 71 S.W.3d 327, 327 (Tex. Crim. App. 2001) (quoting TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(c) (West 1981)). Because Casterline was sentenced to life imprisonment, he is unable to show that he is entitled to release under that formula.  *See id.* at 327-28.

Consequently, he has no constitutionally protected interest in release to mandatory supervision, and any due process claim is frivolous.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Arnold v. Cockrell*, 306 F. 3d 277, 279 (5th Cir. 2002).   Casterline's ex post facto argument is frivolous, as his claim

that he faced a significant risk of increased punishment under the post-1987 scheme lacks arguable merit. *See Garner v. Jones*, 529 U.S. 244, 250 (2000); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508-09 (1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1078 (5th Cir. 1997). Last, to the extent that Casterline professes that he seeks invalidation of the post-1987 procedures used to determine his release date, rather than seeking immediate release, his argument is frivolous. As an inmate sentenced to life imprisonment who is ineligible for release, *see Arnold*, 306 F.3d at 279; *Franks*, 71 S.W.3d at 328, his concern for the state procedure used to determine his release date is unfounded.

In light of the foregoing, this court need not reach Casterline's arguments that the district court in dismissing his complaint improperly relied on res judicata and the doctrine of "issue preclusion." Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Casterline's motion for judicial notice and for the appointment of counsel are DENIED.

Our dismissal of Casterline's appeal as frivolous counts as a strike for 28 U.S.C. § 1915(g)'s purposes, as does the district court's dismissal of Casterline's complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Thus, Casterline has two strikes. He is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).