# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-10472
Conference Calendar

KIRK BAGBY

Plaintiff-Appellant

v.

WICHITA FALLS COUNTY COURTHOUSE; TIMES RECORD NEWS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CV-27

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Kirk Bagby, Wichita County jail inmate # 10088, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim. The district court denied Bagby IFP status on appeal and certified that the appeal was not taken in good faith under § 1915(a)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving for leave to proceed IFP, Bagby is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Bagby argues that the district court erred in dismissing his complaint because he can prove all the "facts" in support of his complaint and because "he is not a lawyer." However, he fails to address the district court's findings that his slander claim was not cognizable in a federal action and that the jurisdictional requirements of 28 U.S.C. § 1332 were lacking. Bagby has thus abandoned any challenge to the district court's denial of IFP on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that Bagby argues that the district court abused its discretion in denying his motion to amend his complaint, there was no error inasmuch as Bagby's proposed amendment would have been futile. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

Bagby has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Bagby's motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202 n.24. Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, the appeal is dismissed. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Bagby's § 1983 complaint for failure to state a claim pursuant to § 1915(e)(2) and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bagby is warned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g). Bagby's motion for appointment of counsel is denied.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.