# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2013

No. 13-40476
Summary Calendar

Lyle W. Cayce
Clerk

KIRK MARTIN BAGBY,

Plaintiff-Appellant

v.

JERRY R. KARRIKER, III; RICK THALER; WARDEN TODD FOXWORTH; FRANCINE SOUKUP; REGINA OLIVER,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:12-CV-266

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kirk Martin Bagby, Texas prisoner # 1582340, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint against Sergeant Jerry R. Karriker, III, TDCJ-CID Director Rick Thaler, Warden Todd Foxworth, Officer Francine Soukup, and counsel substitute Regina Oliver. The district court certified that an appeal would not be taken in good faith. By moving in this court for IFP status, Bagby is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Bagby has abandoned, by failing to brief, his claims against Soukup, Foxworth, and Thaler. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Additionally, he has not shown that he will raise a nonfrivolous issue with regard to the dismissal as frivolous and for failure to state a claim of his claim against Oliver. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Bagby cannot maintain a § 1983 action against Oliver based on her actions as his counsel substitute. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Further, our de novo review of the record shows no potential nonfrivolous issue with regard to the dismissal as frivolous and for failure to state a claim of Bagby's false disciplinary claim against Karriker. *See Geiger*, 404 F.3d at 373. A prisoner's protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Bagby's cell and commissary restrictions and his reduction in classification status do not implicate the Due Process Clause. *See id.*; *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). Bagby may not obtain relief for those elements of his punishment. Because Bagby was ineligible for release on mandatory supervision, the district court did not err in finding that Bagby failed to state a due process claim with respect to the loss of his good-time credits. *See Arnold v. Cockrell*, 306 F.3d 277, 278-79 (5th Cir. 2002). Although Bagby, who is serving a sentence for robbery, is eligible for parole; *see* TEX. GOV'T CODE ANN.

§ 508.145, he does not have a constitutionally protected liberty interest in obtaining parole.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997).

Lastly, we find no error in the grant of summary judgment in favor of Karriker on Bagby's excessive force claim.  *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).   The summary judgment evidence presented below demonstrates that Bagby failed to submit a Step Two grievance complaining of the use of force.  Thus, the claim was not properly exhausted.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Bagby's appeal is without arguable merit and is thus frivolous.  *See Howard*, 707 F.2d at 219-20.  Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.  Bagby's motion for appointment of counsel is denied.

The dismissal of Bagby's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).   Bagby previously accumulated two strikes and has now, therefore, accumulated at least three strikes.  *See Bagby v. Wichita Falls County Courthouse,* 323 F. App'x 389, 389 (5th Cir. 2009).  Accordingly, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; § 1915(g) BAR IMPOSED.