# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40657

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2014

Lyle W. Cayce
Clerk

KIRK MARTIN BAGBY,

Plaintiff-Appellant

v.

JERRY R. KARRIKER, III, Ex Officer Stg; FRANCINE SOUKUP, Correctional
Officer 4; DELBERT PURVIS, Stg; GREAGORY BALL, Lieutenant;
REGENER OLIVER, Ex Sub Counsel; JODY HEFINER, Major; K. A.
JANUARY, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-327

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kirk Martin Bagby, Texas inmate # 1582340, filed a 42 U.S.C. § 1983
complaint against Sergeant Jerry R. Karriker, III, and other prison employees
alleging that on December 22, 2011, Karriker wrote a false disciplinary case
claiming that Bagby attempted to assault a prison officer.  Bagby alleged that
the other prison employees and a counsel substitute conspired to have him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

found guilty of the false charge and disciplined.  The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A as malicious and frivolous because it duplicated the complaint in *Bagby v. Karriker*, No. 6:12-CV-266 (E.D. Tex. Apr. 16, 2013).  Bagby thereafter filed this appeal and moved for leave to proceed in forma pauperis (IFP).  The district court denied Bagby's IFP motion, certifying than his appeal was not taken in good faith.

Now, Bagby moves this court for authorization to proceed IFP.  Bagby's motion is construed as a challenge to the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  If we uphold the district court's certification decision, Bagby must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See Baugh*, 117 F.3d at 202.  However, if the appeal is frivolous, we may dismiss it sua sponte under Fifth Circuit Rule 42.2. *Id*. at 202 n.24.

Bagby argues that the district court erred in finding that the instant complaint was duplicative of his complaint in No. 6:12-cv-266 given that the complaint in No. 6:12-cv-266 concerned Karriker's alleged excessive use of force.  The district court may sua sponte dismiss a prisoner's complaint against a governmental officer or employee if the action is frivolous or malicious. § 1915A(b)(1).  An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

Our review of the record supports the district court's conclusion that the instant complaint was duplicative of the complaint filed in No. 6:12-cv-266.

No. 13-40657

The two suits raised similar claims that fairly may be viewed as arising "from the same series of events," to wit, the December 22, 2011, allegedly false disciplinary case. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Bagby has not shown that the district court erred in certifying that his appeal was not taken in good faith, and his IFP motion is denied. *See Baug*h, 117 F.3d at 202. The instant appeal is without arguable merit and is dismissed as frivolous. *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of Bagby's complaint as frivolous and malicious count as two strikes. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We remind Bagby that, because he had accumulated, prior to the conclusion of this case, at least three strikes for purposes of 28 U.S.C. § 1915(g), *see Bagby v. Karriker*, No. 13-40476 (5th Cir. Aug. 29, 2013), he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. §1915(g). Additionally, we warn Bagby that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Bagby is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous. Bagby's motion for appointment of counsel is denied.

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; 28 U.S.C. § 1915(g) BAR RE-IMPOSED; SANCTION WARNING ISSUED.